UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
Elie Poltorak
On behalf of himself and
All other similarly situated consumers,   **Reply Affirmation in Support of Defendant's Motion to Dismiss**

                         Plaintiff,   Case No: 1:18-cv-07386-WFK-JO

        -against-

Nissan Shapiro Law P.C,

                        Defendant.
-------------------------------------------------X

      Alan J. Sasson, Esq.**,** an attorney duly admitted to practice before the Courts of the State of New York, affirms under penalties of perjury the following:

### The Action Must Be Dismissed, Because Plaintiff is Not a Consumer Under 15 U.S.C. § 1692a(3).

1.    Only a "consumer" may sue under the Federal Debt Collection Practices Act ("FDCPA"). The FDCPA states: "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

2.    Plaintiff brought this action alleging that a statutory "Three Day Notice" sent to an address where he is an occupant and naming him as "ELIE POLTORAK – OCCUPANT," sought to collect a debt from him in violation of the FDCPA. The only "debt" for which a "Three Day Notice" can demand payment is arrears of rent owed for the Premises at the time the notice is sent. N.Y. Real Prop. Acts. Law § 711(2) (McKinney). Indeed, the "Three Day Notice" that is the subject of this action states that the **Tenant** is indebted to the Landlord for "for rent and additional rent." Exhibit D to Sasson's Affirmation. No other debt or obligation is mentioned.

1

3. Plaintiff admits that he is not the Tenant and that he is not a party to any lease or contract with the Landlord, Yuda Silverstein. Plaintiff further admits that Levi Paul Huebner is the Tenant who signed a lease with the Landlord and owes all rent and rent arrears to the Landlord. Therefore, Plaintiff was never obligated to pay rent to the Landlord, and the "Three Day Notice" did not seek to collect any debt that Plaintiff was "obligated or allegedly obligated to pay." 15 U.S.C. § 1692a(3). Additionally, nowhere on the Three Day Notice does it even imply that Landlord was seeking payment from the Plaintiff/Occupant.

4. Therefore, Plaintiff is not a "consumer" under 15 U.S.C. § 1692a(3) and the action must be dismissed.

5. Plaintiff argues that he is obligated to pay rent, based upon his "use and occupancy" of the Premises. However, rent is a contractual obligation, while use and occupancy is a separate obligation based upon *quantum meruit*. The "Three Day Notice" only demanded "rent and additional rent;" it did not demand payment for use and occupancy. Therefore, the "Three Day Notice" did not seek to collect any debt that Plaintiff was "obligated or allegedly obligated to pay," and Plaintiff is not a "consumer." 15 U.S.C. § 1692a(3).

6. Plaintiff improperly relies on *Romeo v. Heiberger & Assocs.*, 163 F.3d 111 (2d Cir. 1998). At issue in *Romeo* was whether back rent is a "debt" and whether a "Three Day Notice" is a "communication" under the FDCPA; neither of these questions is relevant to Defendant's motion to dismiss. In *Romeo*, the plaintiff was the tenant from whom rent arrears were demanded in the "Three Day Notice;" therefore, there was no doubt that she was a "consumer" under 15 U.S.C. § 1692a(3). Here, the action must be

dismissed, because Plaintiff is not the tenant who owes the back rent sought in the "Three Day Notice;" therefore, Plaintiff is not a "consumer" as for purposes of the FDCPA.

7. Plaintiff claims that he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), because he is an "occupant" of the Premises under N.Y. Real Property Law § 235-f(1)(b) and, as an occupant, New York law permits him to pay all rent and rent arrears owed by the tenant to avoid eviction. Plaintiff is wrong.

8. New York law does not obligate Plaintiff to pay any rent or rent arrears owed by the Tenant, Mr. Huebner, it only permits him to pay in order to avoid eviction. Even if he successfully evicts Mr. Huebner for failure to pay rent, the Landlord can still sue Mr. Huebner for the amount of the unpaid rent, because it is a debt that Mr. Huebner is contractually obligated to pay. The Landlord cannot sue Plaintiff for the unpaid rent, because Plaintiff is not obligated to pay rent.

9. Similarly, if Plaintiff were to pay the rent arrears to avoid eviction, then he would have a claim against Mr. Huebner to recover the amount of the rent arrears that he paid, because only Mr. Huebner owes the rent arrears.

10. Thus, that New York law permits Plaintiff to avoid eviction by paying the rent arrears that Mr. Huebner owes does not make Plaintiff "obligated" to pay the rent arrears. Therefore, Plaintiff is not a "consumer" under 15 U.S.C. § 1692a(3) and the action must be dismissed.

**Responses to Ancillary Matters Raised In Plaintiff's Opposition Papers**

11. Plaintiff asserts that Mr. Huebner leased the Premises for use as his residence and paid the rent with checks drawn on his law firm account. Firstly, this statement is a hearsay statement and should not be accepted. Secondly, if the Court

accepts the statement, then Mr. Huebner used his law firm as his alter ego, which is improper and might subject Mr. Huebner to discipline. This would also make Mr. Huebner and his law firm liable for each other's debts.

12. Plaintiff accuses me of violating Rule 7.4 of New York's Rules of Professional Conduct, because my papers stated that Plaintiff and Tenant Huebner "specialize in prosecuting FDCPA cases." Plaintiff is wrong.

13. Rule 7.4(a) states:

> A lawyer or law firm may publicly identify one or more areas of law in which the lawyer or law firm practices, or may state that the practice of the lawyer or law firm is limited to one or more areas of law, provided that the lawyer or law firm shall not state that the lawyer or law firm is a specialist or specializes in a particular field of law, except as provided in Rule 7.4(c).

NY ST RPC Rule 7.4 (McKinney). Rule 7.4 is plainly intended to prohibit attorneys from claiming to be "specialists" in a particular area of law, which might give the public the mistaken impression that that those attorneys have obtained special certification to practice in that area of law. The rule does not prohibit one attorney from stating that another attorney who is unassociated with his/her law firm "specializes" in prosecuting certain types of cases. Therefore, the rule does not apply to my comment about Plaintiff's and Mr. Huebner's practice.

14. Plaintiff asserts that the only time he acted as counsel in an FDCPA case was the one that he filed on behalf of Mr. Huebner that is mentioned in Defendant's moving papers, *Huebner v. Midland Credit Mgmt., Inc.*, No. 14 CIV. 6046 (BMC). Plaintiff also asserts that this is the first time that he has been a plaintiff in an FDCPA action. The coincidence is singular.

**WHEREFORE**, it is respectfully requested that the within motion be granted in its entirety, including complete dismissal of the action and an Order pursuant to 15 U.S.C. § 1692k(a)(3) granting Defendant its costs and attorneys' fees and for such other and further relief as this Honorable Court deems just and proper.

Dated: Brooklyn, New York
       May 10, 2019

                                      **LAW OFFICE OF ALAN J. SASSON, P.C.**

                                      By: /s/ Alan J. Sasson
                                            Alan J. Sasson, Esq.
                                            Attorney for Defendant
                                            5300 Kings Highway
                                            Brooklyn, New York 11234
                                            (718) 339-0856