ב"ה

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Elie Poltorak
On behalf of himself and
All other similarly situated consumers,

                      Plaintiff,

-against-

Nissan Shapiro Law P.C,

                      Defendant.

---

Docket:18-cv-07386-WFK-JO

**MEMORANDUM OF LAW POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S PRE-ANSWER MOTION SEEKING DISMISSAL**

Elie Poltorak, by his attorney, Eugene Lynch, respectfully submits this Memorandum of Law Points and Authorities in opposition to Defendant's Motion to Dismiss (ECF 12, the "Motion").[1]

The complaint stands on its own and aside from the questions of fact prematurely raised in the Motion, Defendant's contentions, besides being intermingled with questions of fact, can be distilled to the following questions of law:

    i.    Whether the FDCPA governs a demand for payment made by a collector in a communication to an individual recognized under State law as a consumer—irrespective if such individual truly owes the alleged debt or does not owe the alleged debt?

    ii.    Whether a consumer is stripped of the FDCPA's protection by paying a debt with a business check?

---

[1] Defendant disregarded the Individual Rules of the Court and an Order, wherein the Court requested that "the parties refrain from filing motion papers until the motion has been fully briefed" (ECF 11) and filed its motion before the matter was fully briefed (ECF 12). A hard copy of Defendant's Motion with an unfiled Notice of Motion, was only received by this office on April 15, 2019.

## NATURE OF THE CASE

Levi Huebner ("Huebner") rented an apartment from Yuda Silverstein[2] ("Silverstein") as his primary residence and allowed Plaintiff to occupy the apartment in accordance with State law and the Lease Agreement. Silverstein and Huebner executed a Lease Agreement allowing the apartment occupancy pursuant to "Apartment Sharing Law". (ECF 12-3 ¶ 1). Pursuant to New York occupancy law, Huebner allowed Plaintiff as "one additional occupant" together with his children. N.Y. Real Prop. Law § 235-f (3). "Occupant" means a person, other than a tenant or a member of a tenant's immediate family, occupying a premise with the consent of the tenant or tenants. N.Y. Real Prop. Law § 235-f (1)(b).

The apartment at issue is for residential use only, as is self-evident by the lease agreement; and Huebner executed the lease agreement as an individual and not under any business name or professional capacity.

An occupant is entitled to any right or remedy otherwise available to any person residing in that apartment. N.Y. Real Prop. Law § 235-f(6). Huebner duly notified Silverstein of Plaintiff's occupancy as required under § 235-f(5). Notably, § 235-f was "designed to prevent evictions of residential tenants who have nontraditional living arrangements with co-occupants of the apartment for reasons of economy, safety, and companionship." *OH 161st St. LLC v. Brooks*, 94 N.Y.S.3d 803, 805–06 (N.Y. Civ. Ct. 2019).

On December 27, 2018, Plaintiff commenced a punitive class action against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Section 1692, et seq. (ECF 1). Plaintiff received from Defendant a three-day notice letter threatening

---

[2] Notably, Allan J, Sasson, counsel for Defendant, in the Motion, attaches his affirmation, improperly alleging various facts and without indicating the basis of his 'knowledge." Likewise, Defendant's MOL contains multiple allegations unsupported by facts or based on actual knowledge.

Page 2

eviction in the event of nonpayment in violation of the FDCPA because it demanded legal fees from Plaintiff without a basis for demanding the fees and without authorization of an agreement from Plaintiff. (Id ¶¶ 13-21). Mindful while there is a written agreement between Silverstein and Huebner, Plaintiff alleges there was no direct written and executed lease between Plaintiff and Silverstein to justify those fees against Plaintiff. (Id). Plaintiff also claims the three-day notice violated the FDCPA because it conflicts with the validation period of the FDCPA, the rent demand threatens to initiate a lawsuit during the validation period. Plaintiff also alleges that, Defendant's letter failed to clarify that commencement of the lawsuit has no effect on the information conveyed in the validation notice. (Id ¶¶ 22-28).

On April 5, 2019, Defendant filed a motion to dismiss. Defendant concedes by silence and by attachment of the lease agreement that the legal fees dunned by its collection letter are not supported by any authorization creating the alleged debt. Defendant does not contest the complaint as far as the effects the collection letter at issue would have on a hypothetical consumer. Rather, Defendant, in at best a mistake, alleges that Plaintiff is not a meaningful tenant as an occupant and that the tenant is an attorney who uses his business checks to pay rent and is therefore not a consumer. (ECF 12).

## ARGUMENT

### PLAINTIFF AS AN OCCUPANT IS A CONSUMER

**THE FDCPA GOVERNS A DEMAND FOR PAYMENT MADE BY A COLLECTOR WHEN COMMUNICATING TO AN INDIVIDUAL RECOGNIZED UNDER STATE LAW AS A CONSUMER— IRRESPECTIVE IF SUCH INDIVIDUAL TRULY OWES THE DEBT OR DOES NOT OWE THE DEBT**

Nearly twenty-one years ago, the Second Circuit faced the very same argument, with respect to a three-day notice and Real Property and Proceedings Law § 711. The Second Circuit

concluded, "Whatever else it was, the § 711 letter that Heiberger sent to Romea was undeniably a 'communication' as defined by the FDCPA in that it conveyed 'information regarding a debt' to another person, [15 U.S.C.] § 1692(a)(2)." *Romea v. Heiberger & Assocs*., 163 F.3d 111, 116 (2d Cir. 1998). The Court rejected the notion that debt must be grounded in "*extant* contractual arrangement" and concluded "under the FDCPA, back rent is debt". *Romea v. Heiberger & Assocs*., 163 F.3d 111, 115-116 (2d Cir. 1998). "A majority of circuits has held that an extension of credit is not required for an obligation to constitute a 'debt' under the Act." *Lipscomb v. The Raddatz Law Firm, P.L.L.C*., 109 F. Supp. 3d 251, 257 (D.D.C. 2015) (citing *Romea*).

Plaintiff is a consumer. The twist in Defendant's motion is the contention that Plaintiff is not a consumer by the mere virtue of not being a signatory to the lease agreement. However, the obligation to pay rent does not only arise from the lease agreement but also from use and occupancy of the subject premises. In fact, Defendant has brought a holdover proceeding against Plaintiff and the lessee, seeking to have the lease invalidated, while continuing to collect use and occupancy. "New York courts, interpreting consumer protection statutes, give tenants private rights of action against their landlords" and an "apartment dweller … may assert New York City consumer protection law." *Buyers & Renters United to Save Harlem v. Pinnacle Grp. N.Y. LLC*, 575 F. Supp. 2d 499, 512 (S.D.N.Y. 2008). Even more, New York law clearly gives Plaintiff any "right or remedy otherwise available to" Huebner to pay a past due balance to avoid eviction. See N.Y. Real Prop. Law § 235-f (6). Thus, by dunning Plaintiff as an occupant, Defendant has called on Plaintiff to exercise a consumer right and remedy, *i.e.* Huebner's failure to pay rent pursuant to the lease agreement in order to avoid eviction, and as such Plaintiff is a consumer by the virtue of being an occupant. The motion to dismiss should therefore be denied.

    a) <u>A COLLECTION LETTER IS REVIEWED AS A WHOLE</u>

A collection letter "must be evaluated as a whole, not in bits and pieces." *Ellison v. Fullett Rosenlund Anderson P.C.*, 347 F. Supp. 3d 370, 378 (N.D. Ill. 2018). "To determine whether a communication from a debt collector constitutes a threat, the reviewing court should look to the language used as a whole." *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008). A collection notice directed to unknown occupants, was misleading to the unsophisticated consumer, because the "you" refers to the recipients of the letter, "which might confuse the recipient into thinking she must act in some way to address the debt, regardless of whether she individually owes it." *Ellison v. Fullett Rosenlund Anderson P.C.*, 347 F. Supp. 3d 370, 379 (N.D. Ill. 2018). As much as Defendant attempts to distinguish the letter by saying it is only addressed to Huebner as a tenant, Defendant's argument is undermined by the very fact that Plaintiff as an occupant is a named recipient of Defendant's dunning letter and the "you" equally threatens Plaintiff, that the failure to pay will result in eviction, as it threatens Huebner.

    b) <u>THE LEASE AGREEMENT CLEARLY ALLOWS "OCCUPANTS" UNDER THE APARTMENT SHARING LAW CLAUSE</u>

As discussed above, the Lease Agreement pursuant to "Apartment Sharing Law" and N.Y. Real Prop. Law § 235-f (3) allow the apartment sharing by Plaintiff as an occupant. (ECF 12-3 ¶ 1). Thus, the very argument that Plaintiff is not a consumer is derailed from the very fact that Plaintiff has been dunned to pay a debt as an occupant. Indeed, Defendant's dunning letter clearly names Plaintiff as an occupant. (ECF 12-5).

    c) <u>THE LEGAL FEES ARE NOT AUTHORIZED</u>

The complaint alleges that Plaintiff did not authorize the charging of legal fees and there was no executed lease between Silverstein and Plaintiff. As relevant to the complaint and its causes of action, Defendant's cannot and has not, pointed to a single basis authorizing the

collection of legal fees. In other words, without even considering whether Plaintiff is in privy to the lease agreement, in violation of the FDCPA, Defendant has dunned a debt against Plaintiff which it had no authority to pursue.

The Defendant's demand for legal fees without basis violates the FDCPA. *DiMatteo v. Sweeney, Gallo, Reich & Bolz , L.L.P.,* 2015 U.S. App. LEXIS 12250, *6-8 (2d Cir. N.Y. July 16, 2015). ("*DiMatteo* also claims that appellees violated two provisions of the FDCPA by seeking $750 in attorneys' fees in the Housing Court action: § 1692e(2), which prohibits the "false representation of . . . any . . . compensation which may be lawfully received by any debt collector for the collection of a debt," and § 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." We agree that *DiMatteo* has stated a plausible claim that appellees' demand for attorneys' fees violated the FDCPA. At oral argument, appellees conceded that they did not know of any written agreement between the landlord and *DiMatteo*, let alone one authorizing the award of attorneys' fees. They also conceded that, absent such an agreement, they could point to no authority under New York law for the award of attorneys' fees to a landlord in a summary eviction proceeding based on unpaid rent. Indeed, appellees acknowledged that their attempt to recover attorneys' fees from *DiMatteo* was a "mistake." Without a basis under New York law or an agreement between the parties, appellees'
demand for attorneys' fees constitutes an attempt to collect a "fee, charge, or expense incidental to the principle obligation" that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Because the demand for attorneys' fees violates § 1692f(1), we need not address *DiMatteo's* argument that the demand also violates § 1692e(2).),

(See *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949-50 (9th Cir. 2011). (affirming ruling that demand for attorneys' fees in state court collection complaint without a basis in the parties' agreement violated both §1692f(1) and § 1692e(2) of the FDCPA); cf. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307-08 (2d Cir. 2003). (holding that demand for attorneys' fees in collection action did not violate the FDCPA where credit card agreement provided for such fees). We have considered *DiMatteo's* remaining arguments and find them without merit. Accordingly, the judgment of the district court is VACATED with respect to the claim that appellees' demand for attorneys' fees violated the FDCPA, and the case is REMANDED to the district court for further proceedings consistent with this Order.").

    d)  <u>A CONSUMER IS ANY NATURAL PERSON ALLEGEDLY OBLIGATED TO PAY ANY DEBT</u>

Contrary to Plaintiff's contentions, the FDPCA § 1692a(3) defines The term 'consumer' as "any natural person obligated or allegedly obligated to pay any debt", and Plaintiff fits that plain definition by becoming obligated to pay back rent as an occupant in order to avoid eviction. The FDCPA does not assess the character and intelligence of consumer. Rather, the concept of least sophisticated consumer is an objective analysis to determine the impact a collection activity would have on the consumer at large.

The decisions in *Huebner v. Midland Credit Mgmt., Inc.*, cited by Defendant, is inapposite herein, because there the district court assumed that the alleged FDCPA violation was triggered as a result of Huebner's failure to answer follow-up questions and that the least sophisticated consumer would have answered those questions. *Huebner v. Midland Credit Mgmt., Inc.*, No. 14 CIV. 6046 (BMC), 2016 WL 3172789, at *5 (E.D.N.Y. June 6, 2016). In this case, there is no comparable scenario, the collection letter speaks for itself, and it was Defendant's conscious choice to write the collection letter the way it was written. Defendant has

not identified any trigger to blame Plaintiff for writing the dunning letter the way it was written. Plaintiff being an attorney or Huebner being an attorney had no bearing whatsoever in how Defendant chose to write its three-day notice. Rather, the complaint alleges that Defendant writes the same style collection letter to two different classes of debtors, an allegation which Defendant has not denied. (ECF 1 ¶¶ 40-41).

### A CONSUMER IS NOT STRIPPED FROM THE FDCPA PROTECTIONS BY PAYING A DEBT WITH A BUSINESS CHECK

The obligation to pay the alleged debt arose squarely from the Lease Agreement providing a "primary residence of for Tenant and for no other reason." (ECF 12-3 ¶ 1). Defendant has not and cannot cite a single case interpreting the FDCPA as stripping the consumer protections as a result of paying a debt with a business check.

The relevant case law explained, "As long as the transaction creates an obligation to pay, a debt is created." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997). "We harbor no doubt that a check evidences the drawer's obligation to pay for the purchases made with the check, and should the check be dishonored, the payment obligation remains." *Id*. Although Huebner allegedly used his business checking account to pay for the debt obligation, the transaction still remains as being for "primary residence of for Tenant and for no other reason." (ECF 12-3 ¶ 1). In other words, Huebner's business is not a party or occupant to the instant lease, and Huebner's obligation to pay persisted regardless of the form of payment.

The obligation to pay in this case arises directly from the Lease Agreement that exists between Huebner and Silverstein, which is for personal use only. Moreover, even if Huebner were renting the premises for business purposes, that would not change the fact that Plaintiff is a

consumer occupying the apartment as his residence, with no business purpose whatsoever. Plaintiff's standing as a consumer arises directly from being an occupant with the right or remedy Huebner's obligation to pay in order to avoid Plaintiff's own eviction. As such, any collection letter seeking to dun Plaintiff to right or remedy Huebner's obligation to pay is governed by the FDCPA.

### DEFENDANT IS NOT ENTITLED TO COSTS FOR DEFENDING THIS ACTION

As explained above, the Plaintiff is a consumer as defined by law. This lawsuit was brought to vindicate the consumer at large from several FDCPA violations echoed by Defendant's collection letters. While Defendant quarrels with Plaintiff's individual right to standing, the FDCPA violations nonetheless exist independent from Plaintiff's status, and the core purpose of the FDCPA is to vindicate all consumers including the least sophisticated. Thus, Defendant cannot and has not shown that the underlying lawsuit fits the definition of 15 U.S.C. § 1692k(a)(3).

The only improper and sanctionable conduct is the vexatious and frivolous arguments brought by Defendant. Notably, counsel for Defendant Allan Sasson ("Sasson) in his pre-motion letter to this Court (ECF 7, page 2, ¶ 6) alleges that "Elie Poltorak, who has been occupying the premises and made rental payments under the lease on Mr. Huebner's behalf." But now in his affirmation (ECF 12-1, page 2, ¶ 5) Sasson alters his argument and alleges that "Mr. Huebner always paid the rent for the Unit from his law firm's business account." Seemingly, Sasson makes unsupported and contradictory allegations merely to suit the motion he is bringing before the Court at that time.

Moreover, Sasson accuses Plaintiff and Huebner of violating the Rules of Professional Conduct, 22 NYCRR 1200.53 Rule 7.4. ("Rules") wherein, Sasson, in his pre-motion letter (ECF

7, page 2, ¶ 5) and in his Motion (ECF 12, page 1, ¶ 3 and page 6, ¶ 4) asserts that Plaintiff and Huebner "specialize in prosecuting FDCPA cases." Pursuant to the Rules a "lawyer or law firm shall not state that the lawyer or law firm is a specialist or specializes in a particular field of law." Notably, this is Plaintiff's first FDCPA action and Poltorak, as counsel, has only prosecuted one FDCPA action. However, Sasson alleges that Plaintiff and Huebner "specialize in prosecuting FDCPA cases" in violation of the Rules without offering any evidence that Plaintiff and Huebner have stated or held out that they "specialize in prosecuting FDCPA cases." Sasson's allegations are further evidence that he will make unfounded arguments merely to suit his client's position.

## CONCLUSION

WHEREFORE Plaintiff requests that the Court enter an order denying Defendant's motion in its entirety, directing Defendant to file an answer timely, and granting Plaintiff any other relief deemed just and appropriate.

Dated: Brooklyn, NY
      April 24, 2019

                        Respectfully submitted,

                        Law Office of Eugene M. Lynch

                        /s/ Eugene M. Lynch
                        _____
                        By: Eugene M. Lynch

                        338 Atlantic Avenue
                        Brooklyn, NY 11201
                        Tel: (212) 354-5555

                        *Attorney for Plaintiff*