UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elie Poltorak<br>On behalf of himself and<br>All other similarly situated consumers,<br><br>           Plaintiff,<br><br>  -against-<br><br>Nissan Shapiro Law P.C.,<br><br>           Defendant. | Docket:18-cv-07386-WFK-JO<br><br>**AFFIRMATION IN OPPOSITION TO<br>DEFENDANT'S PRE-ANSWER<br>MOTION SEEKING DISMISSAL** |

Elie Poltorak duly states the following as true to the best of my knowledge under the laws prohibiting perjury:

1. I submit this declaration in opposition to Defendant's Motion to Dismiss (the "Motion").

2. I reside in apartment at 580 Crown Street, Unit 701, Brooklyn, NY, as an occupant of Levi Huebner ("Huebner").

3. Huebner rented the apartment as his primary residence.

4. Notably, Huebner duly notified Yuda Silverstein of my occupancy, that is why the a three-day notice letter was also addressed to me.

5. Contrary to Defendant's assertions, the payments from the account of Huebner are not business payments, but rather, that account was the conduit to make payments due pursuant to the residential lease agreement. Notably, Defendant attached a copy of the residential lease agreement as Exhibit B.

6. I have standing because the three-day notice ("collection letter") was addressed to me, sent to me, requested payment from me and pursuant N.Y. Real Prop. Law § 235-f an occupant is afforded with the right or remedy to maintain his or her occupancy in accordance

with the tenant's lease, including the right to remedy any defect that would threaten the occupant's eviction, such as the right to pay a past due balance of rent, and the right to take whatever legal action necessary to enjoin any illegal practice arising from such occupancy.

7. The Motion is chock-full of speculation, misrepresentations, and outright falsehoods and the complaint stands on its own.

8. Contrary to Defendant's assertions, I do not, and never have, "specialized" in FDCPA actions. In fact, this is the first time I am bringing an FDCPA action as a plaintiff. Moreover, I have not practiced law in several years, since I became disabled due to a serious illness. Previously, my practice was limited strictly to commercial litigation. I have only been involved in a single FDCPA action, filed on behalf of Levi Huebner, and I was replaced as counsel shortly after the action was filed.

9. Moreover, I have never been an attorney in landlord tenant court and am simply not familiar with landlord tenant law. However, I was able to recognize that the collection letter is addressed to me and demands payment from me, including but not limited to a demand for payment of legal fees, of which I am not obligated to pay.

10. Contrary to Defendant's unsupported allegations in its Motion, I am not, and never have been, involved in any "professional collaboration" with Mr. Huebner. My relationship with Mr. Huebner is exclusively in the nature of a close, long-standing personal friendship. Since I became ill, Mr. Huebner has been kind enough to assist me in numerous ways, including inviting me to reside in his apartment.

11. Previously, I had resided in an apartment with stairs, which I was unable to traverse due to my disability. There are very few wheelchair-accessible apartments in the Crown Heights neighborhood, and I was unable to find such an apartment for a long time. Thus, Mr.

Huebner's allowing me to reside in his apartment was a life-saver, in that it allows me to be taken outdoors to get fresh air, attend religious services, etc.

      _____
      Elie Poltorak

Affirmed to before me on
April 23, 2019

_____
Notary Public

EUGENE M. LYNCH, ESQ.
Notary Public, State of New York
Reg. No. 02LY6359090
Qualified in Queens County
Commission Expires 05/22/2021